UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER A. STAPLES,**<br>Debtor | **Chapter 7**<br>**Case No. 16-30755-MSH** |

## CHAPTER 7 TRUSTEE'S APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND B & B REAL ESTATE TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330

**Steven Weiss**, as Chapter 7 Trustee (the "Trustee") for the above referenced debtor(s) (together, the "Debtor"), by and through the undersigned counsel, files this Application for entry of an order, substantially in the form attached hereto as *Exhibit A*, authorizing retention of (1) BK Global Real Estate Services ("BKRES") under the terms set forth in the agreement (the "BKRES Agreement") attached to BKRES' Affidavit of Disinterestedness at *Exhibit B* (the "BKRES Affidavit") and (2) B & B Real Estate ("Listing Agent") under the terms of the agreement (the "Listing Agreement") attached to Listing Agent's Affidavit of Disinterestedness at *Exhibit C* (the "Listing Agent Affidavit"). In support thereof, the Trustee respectfully states as follows:

*PRELIMINARY STATEMENT*

Trustee requests approval to retain BKRES and local licensed Listing Agent (individually and collectively referred to as "Broker or Brokers"), at no cost to the estate, to negotiate with and persuade the first lienholder on certain real property in which the estate has no equity to (1) allow Trustee to sell such property at the highest price that the market will bear,

1

(2) waive the resulting deficiency claim and (3) pay an 11 U.S.C. § 506 surcharge to provide a carveout for the benefit of the estate and pay all other sale expenses, including a 6% brokerage commission that will be shared equally by BKRES and Listing Agent only upon the closing of a sale that is approved by this Court.

BKRES and its affiliates have proprietary technology and a national team of experienced loan servicing specialists, asset managers, negotiators, trustee relation managers, real estate brokers and agents, closing specialists and attorneys with extensive experience in procuring the consent of mortgage lenders and servicers to sell over-encumbered properties and provide significant cash recoveries to selling estates with no equity, through the Consented Sale™ process described herein.

The proposed agreements are attached and provide that BKRES and Listing Agent will not be entitled to any compensation from the estate whatsoever under any circumstances. They will only receive and share a customary brokerage commission that is paid by secured creditor as an 11 U.S.C. § 506 surcharge approved by this Court.

The Trustee (1) believes that hiring BKRES and Listing Agent to pursue a Consented Sale™ will likely result in secured creditor paying a carveout for the benefit of the estate with proceeds from the public sale of an asset in which the estate has no equity and (2) expects to obtain secured creditor's agreement to a Consented Sale™, and bring a separate motion seeking this Court's approval of the procedures, terms and conditions by which the over-encumbered property will be sold, within the coming months.

### *JURISDICTION*

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

### *BACKGROUND*

3. On August 31, 2016, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

4. Thereafter, the Trustee was appointed as the Chapter 7 trustee in this case.

5. The Trustee held and concluded the 341 meeting on October 25, 2016.

6. The Debtor is the sole owner of real property located at **287 North Main Street, East Longmeadow, MA 01028** (the "Property").

7. The Debtor has no equity in the Property. The Debtor's schedules reflect that the Property is currently worth $175,191.00, but is subject to a first mortgage lien (the "Senior Mortgage") in favor of Clarington Mortgage Service (the "Secured Creditor") in an amount exceeding $167,809.00.

8. The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BKRES and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to do the following, with the proviso that the hired professionals, BKRES and Local Agent, shall not participate in the sale and purchase of any estate property except as hired Brokers:

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

3

a. sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

b. buy the Property from the Debtor's estate if (and only if) no such offer is made[2];

c. release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

d. agree to a 11 U.S.C. § 506 surcharge to pay all of the customary expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a meaningful carveout for the benefit of allowed unsecured creditors of the Debtor's estate.

9. The Trustee also has determined it to be in the best interest of the Debtor's estate and all creditors to request authorization to engage Brokers BKRES and Listing Agent to provide reasonable and necessary property preservation, maintenance, and upkeep services to the subject estate Property and to reimburse the Brokers in a maximum amount not to exceed $500.00 for any approved reasonable, necessary out-of-pocket costs and expenses incurred by Brokers associated with property preservation, maintenance, and upkeep of the subject Property in connection with a potential sale, upon the availability of funds from the estate, without the need for further Order.

10. Trustee expects BKRES and Listing Agent to obtain Secured Creditor's full, final and unconditional Consent and bring a separate motion seeking an order approving the

---

[2] In the event that the Property is not sold to a third party, the Brokers will be paid in accordance with the non-third party sale terms of the BKRES Agreement and Listing Agreement.

4

sale of the Property (the "Motion to Approve Sale") within several months of the entry of the order sought by this Application.

11. By this Application, the Trustee requests authority pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code to (a) retain BKRES and Listing Agent to **provide the necessary professional assistance and representation required by the Trustee to fulfill the Trustee's duties pursuant to 11 U.S.C. § 704 in order to** procure Secured Creditor's Consent, (b) engage Brokers BKRES and Listing Agent to provide reasonable and necessary property preservation, maintenance, and upkeep services to the subject estate Property to facilitate the sale of the Property for the benefit of the Secured Creditor(s) and bankruptcy estate, (c) reimburse Brokers in the maximum amount not to exceed $500.00 for any approved, out-of-pocket costs incurred by Brokers associated with property preservation, maintenance, and upkeep of the subject Property in connection with a potential sale, upon the availability of funds from the estate, without the need for further Order, and (d) approve Secured Creditor's payment of the fees described herein and below directly to BKRES and Listing Agent at closing of the sale of the Property, if and when the Consent and Motion to Approve Sale are granted.

5

*APPLICATION*

12.  Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327...on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage or fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).  Section 330 of the Bankruptcy Code permits the Court to "award to a trustee... or a professional person employed under section 327...(A) reasonable compensation for actual, necessary services rendered [by such party]... and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

13.  As further described in the materials attached to their affidavits, BKRES[3] and Listing Agent have extensive experience obtaining the consent and agreement of mortgage lenders and servicers to the sale of their collateral and resolution of any resulting unsecured claims in order to produce a recovery for estates from over-encumbered assets in which the estate has no equity. [An expedited sale of the estate Property securing an allowed secured claim in this case pursuant to Section 363 of the Bankruptcy Code will enhance the bankruptcy relief sought by the Debtor(s), provide a recovery of value for the bankruptcy estate that will result in a meaningful distribution to unsecured creditors, and provide direct equitable benefits to the Secured Creditor in the following ways:

    a.  in exchange for an expedited free and clear sale and realization of the current fair market value of the Property by the Secured Creditor, the Debtor's estate will be released from the Senior Mortgage and any deficiency claims resulting from the sale;

---

[3] BKRES is the broker affiliate of BK Global (http://www.bkginc.com/).

b. an expedited free and clear sale of the Property will provide a loss mitigation option that enables the Secured Creditor and Debtors to avoid the substantial expense of foreclosure proceedings and the damaging impact of foreclosure on the financial recovery of the bankrupt Debtors and their ability to obtain future credit;

c. an expedited free and clear sale of the Property will provide a negotiated cash payment as a meaningful recovery of value for the bankruptcy estate and the unsecured creditors;

d. an expedited free and clear sale of the Property will eliminate the need for a foreclosure sale and enable the Secured Creditor to limit its expenses to legal costs, property preservation costs, insurance, and taxes; and,

e. the Debtor's voluntary surrender of the Property to the administration of the Trustee and the Secured Creditor's consent to the sale of the Property will enable the Trustee to use the forces of a free market to establish the true fair market value of the Property for the benefit of all interested and affected parties.]

14. The Trustee believes that the highest and best value for the Property will be generated through a sale in which the Property is widely marketed to the public and offered at the highest price that the market will bear. The Trustee further believes that such a sale is in the best interest of the Debtor's estate, but can only be achieved if Secured Creditor's Consent is first obtained. That is why the Trustee believes that retaining BKRES and Listing Agent to obtain Secured Creditor's Consent is in the best interests of the Debtor's estate.

15. In no event will the estate have any obligation to pay BKRES or Listing Agent for their services, or to pay for customary title and closing services. The terms of the BKRES Agreement and Listing Agreement and this Application provide that BKRES and Listing Agent are only entitled to payment if and when (a) Secured Creditor grants its Consent, (b) the Motion to Approve Sale is granted and (c) the Property is sold[4], in which event BKRES and Listing Agent will receive and share a 6% real estate brokerage commission and obtain reimbursement of any out-of-pocket expenses and payment for all other expenses associated with the sale of the Property from the sale proceeds at closing in accordance with the order approving the sale.

16. BKRES and Listing Agent will not be entitled to any fees if Secured Creditor does not grant its Consent or the Court does not grant the Motion to Approve Sale.

17. The Trustee submits that the terms of employment and compensation as set out in the BKRES Agreement and Listing Agreement are reasonable in light of the extensive experience of BKRES and Listing Agent and the nature of the services they provide.

---

[4] In the event that the Property is not sold to a third party, the Brokers will be paid in accordance with the non-third party sale terms of the BKRES Agreement and Listing Agreement.

18. BKRES attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as *Exhibit B* is an Affidavit of Disinterestedness of BKRES. BKRES also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than Listing Agent, or a buyer's Agent, if applicable.

19. Listing Agent attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as *Exhibit C* is an Affidavit of Disinterestedness of Listing Agent. Listing Agent also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than BKRES, or a buyer's Agent, if applicable.

## *CONCLUSION*

For the foregoing and all other necessary and proper purposes, the Trustee seeks the Court's authority to retain BKRES and Listing Agent in this case, and requests that the Court approve the compensation arrangements set forth in the BKRES Agreement and Listing Agreement and this Application pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code.

Dated this 7th day of December, 2016.

STEVEN WEISS, TRUSTEE

By: /s/ Steven Weiss
Steven Weiss, Esquire
BBO# 545619
Shatz, Schwartz and Fentin, P.C.
1441 Main Street, Suite 1100
Springfield, MA 01103
(413) 737 1131
sweiss@ssfpc.com

16\0343\Application.Employ.BK Global

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER A. STAPLES,**<br>**Debtor** | **Chapter 7**<br>**Case No. 16-30755-MSH** |

## ORDER AUTHORIZING THE CHAPTER 7 TRUSTEE TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND B & B REAL ESTATE TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330

Upon the Notice and Application of Steven Weiss, the trustee in the above-captioned case ("Trustee"), to *Retain BK Global Real Estate Services and B & B Real Estate to Procure Consented Public Sale pursuant to 11 U.S.C. § § 327, 328 and 330* ("Application") [Docket No. ], the Court having reviewed and considered the Notice, Application and the Affidavit of Disinterestedness and having found good and sufficient cause appearing therefor and the same to be in the best interest of Debtor and the creditors the Court hereby FINDS that:

    A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2).

    B. Venue of this Chapter 7 case and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

    C. Notice of the Application was sufficient under the circumstances.

Based upon the foregoing findings of fact, it is hereby

ORDERED, ADJUDGED, AND DECREED that:

1. The Application is hereby GRANTED.

2. Defined terms not otherwise defined herein have the meanings given to them in the Application and the Affidavit.

3. The Trustee is authorized to retain and compensate BKRES and local licensed Listing Agent to **provide the necessary professional assistance and representation required by the Trustee to fulfill the Trustee's duties pursuant to 11 U.S.C. § 704 in order to** procure Secured Creditor's Consent, and otherwise market and sell the Property, in Debtor's Chapter 7 case pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code, and Bankruptcy Rules 2014 and 2016, in accordance with the terms and conditions set forth in the BKRES Agreement, the Listing Agreement and this Order. BKRES and Listing Agent shall not split or otherwise share their fees with any other person or entity.

4. BKRES and Listing Agent are disinterested persons within the meaning of Bankruptcy Code Section 101(14).

5. BKRES and Listing Agent shall be compensated in accordance with the BKRES Agreement and Listing Agreement, respectively, and such compensation shall not hereafter be subject to challenge except under the standard of review set forth in Section 330 of the Bankruptcy Code.

6. BKRES and Listing Agent shall be authorized to receive and retain their fees from Secured Creditor at the successful closing of the sale of the Property without necessity of further order of the Court. The estate shall, in no circumstance, be obligated to compensate BKRES or Listing Agent in such event and BKRES and Listing Agent shall not have a claim against the estate for any unpaid amounts. BKRES and Listing Agent, and anyone claiming by, through or under either of them, shall only have recourse for recovering its fee to Secured Creditor. The estate shall have no liability for any such claim.

7. Trustee is hereby authorized to engage Brokers BKRES and Listing Agent to provide reasonable and necessary property preservation, maintenance, and upkeep services to the subject estate Property to facilitate the sale of the Property for the benefit of the Secured Creditor(s) and bankruptcy estate, and to reimburse the Brokers in a maximum amount not to exceed $500.00 for the approved reasonable, necessary costs and expenses of preserving, or disposing of, the subject Property, without the need for further Order.

8. Notice of the Application was adequate and proper.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

MELVIN S. HOFFMAN
BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:                                              Case No. 16-30755
                                                    Chapter 7
Christopher A. Staples,


_____Debtor(s)_____/

AFFIDAVIT OF JOANNE MURRAY IN SUPPORT OF APPLICATION
TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND B & B REAL
ESTATE TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C.
§ 327, 328 AND 330

STATE OF MASSACHUSETTS    )
                          )
COUNTY OF Hampden         )

Joanne Murray, being duly sworn, says:

1.  I am a real estate agent duly licensed by the State of Massachusetts.

2.  I am an agent of B & B Real Estate a Massachusetts Corporation, with corporate offices located at 59 Cherry Street, Holyoke, MA 01040 ("Listing Agent").

3.  I am familiar with the Application to Retain B & B Real Estate, filed by the Trustee ("Application") and the property described therein.

4.  I believe that I am experienced and qualified to represent the Trustee in connection with the marketing and sale of the real property located at 287 North Main Street, East Longmeadow, MA 01028 (the "Property").

5.  B & B Real Estate has agreed to accept employment pursuant to the terms and conditions set forth in the Application and the proposed commission structure. Based upon my experience and knowledge of the real estate market, I believe that the commission structure proposed to be paid to Listing Agent does not exceed customary commissions in the applicable geographical area and are reasonable for the type of employment proposed.

1

6. Neither I nor any member of B & B Real Estate hold or represent any interest adverse to the estate with respect to the matters for which we are to be employed and we are disinterested persons within the meaning of 11 U.S.C. § 101(14), as required by § 327(a).

7. To the best of my information and belief, neither I nor the other members of this firm have any connection with the Debtors, their creditors, or any other party in interest or their respective attorneys or accountants, the U. S. Trustee, or any person employed in the office of the U.S. Trustee, as required by Rule 2014 of the Federal Rules of Bankruptcy procedure except as set forth below.

8. I represent no interest adverse to the Debtors or its estate in the matters upon which I am to be engaged.

FURTHER AFFIANT SAYETH NAUGHT.

Joanne Murray of
B & B Real Estate

The foregoing instrument was sworn to and subscribed before me this 2nd day of December, 2016.

NOTARY PUBLIC

Notary Public, State of Massachusetts

DAVID K. BARTLEY
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
December 25, 2020

2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re: : Chapter 7

: Case No. 16-30755

Debtor(s)
Christopher A. Staples,

## DECLARATION OF PATRICK BUTLER IN SUPPORT OF APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND B & B REAL ESTATE TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. § 327, 328 AND 330

The undersigned, Patrick Butler ("Declarant") hereby states:

1. I am employed by BK Global Real Estate Services ("Applicant" or "BKRES"), which is an entity duly licensed as a real estate brokerage by the State of Florida located at 1095 Broken Sound Parkway, N.W., Suite 200, Boca Raton, FL 33487. I am Applicant's corporate broker and am authorized by Applicant to submit this Declaration on Applicant's behalf in support of the annexed Application to Retain BKRES and in accordance with Bankruptcy Rule 2014.

2. Based upon the information discussed below, I believe that Applicant is a disinterested person and does not hold or represent any interest adverse to the interest of the Debtor's estate as that term is defined in Section 101(14) of the Bankruptcy Code.

3. To the best of my knowledge: (a) neither BKRES nor any of its employees has any connection with the Debtor, its creditors in this case, the Chapter 7 Trustee, the Office of the United States Trustee, or any employees thereof or any party in interest herein; (b) BKRES and each of its employees are "disinterested persons," as that term is defined in Section 101(14) of the Bankruptcy Code; and (c) neither BKRES nor any of its employees hold or represent an interest adverse to the Debtor's estate.

1

3. A description of the qualifications of, and services provided by, BKRES is attached as <u>Schedule 1</u>.

4. That I have read the application of the Trustee regarding the retention and compensation of BKRES and agreed to be bound by the terms and conditions represented therein.

5. That I further understand that the Court, in its discretion, may alter the terms and conditions of employment and compensation, as fully set forth in the BKRES Agreement that is attached as <u>Schedule 2</u> hereto, as it deems appropriate.

Verified under penalty of perjury that the foregoing is true and correct this 2nd day of December, 2016.

_____
Patrick Butler
Broker-in-Charge

The foregoing instrument was sworn to and subscribed before me this 2nd day of December, 2016, by Patrick Butler who provided identification or is personally known to me and who did take an oath.

NOTARY PUBLIC
_____
Notary Public, State of Florida

My commission expires


Notary Public State of Florida
Lyda Castro
My Commission FF 905572
Expires 08/03/2019

2

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

| In re:<br><br>**STAPLES, CHRISTOPHER A**<br><br>Debtor(s) | **Chapter 7**<br>**Case No.: 16-30755-MSH** |
|---|---|

## CERTIFICATE OF SERVICE

I, Steven Weiss, of Shatz Schwartz and Fentin, P.C., do hereby certify that on December 7, 2016, copies of the foregoing Application to Employ BK Global Real Estate Services and B&B Real Estate as Brokers were mailed via electronic and/or first-class mail, postage pre-paid, to the following:

Christopher A. Staples
34 Pequot Road
Southampton, MA  01073

Troy D. Morrison, Esquire
255 Park Ave., Suite 702
Worcester, MA  01609

                                                    /S/ Steven Weiss
                                                 Steven Weiss, Esquire

16\0343\cos.general

```
Label Matrix for local noticing          Springfield                              Capital One Bank USA NA
0101-3                                   U.S. Bankruptcy Court                    PO Box 30281
Case 16-30755                            300 State Street, Suite 220              Salt Lake City, UT 84130-0281
District of Massachusetts                Springfield, MA 01105-2925
Springfield
Wed Dec  7 13:17:43 EST 2016

Carrington Mortgage Service              Convergent Outsourcing, Inc.             Nissan Motor Acceptance Corporation
2201 East 196th Street                   Post Office Box 9004                     P.O. Box 660366
Westfield, IN 46074                      Renton, WA 98057-9004                    Dallas, TX 75266-0366


Portfolio Recovery & Affiliates          SYNCB/Paypal                             Christopher A Staples
120 Corporate Boulevard                  Post Office Box 965005                   34 Pequot Road
Norfolk, VA 23502-4952                   Orlando, FL 32896-5005                   Southampton, MA 01073-9587


Richard King                             Steven Weiss                             Troy D. Morrison
Office of the U. S. Trustee              1441 Main Street                         Morrison & Associates, P.C.
446 Main Street                          Suite 1100                               255 Park Avenue
14th Floor                               Springfield, MA 01103-1450               Suite 1000
Worcester, MA 01608-2361                                                          Worcester, MA 01609-1976
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Carrington Mortgage Services LLC, Servicer     End of Label Matrix
                                                  Mailable recipients   11
                                                  Bypassed recipients    1
                                                  Total                 12
```