**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

|  |  |
|---|---|
| **CHRISTOPHER A. STAPLES,**<br>**Debtor** | **Chapter 7**<br>**Case No. 16-30755-EDK** |

**TRUSTEE'S MOTION FOR ORDER APPROVING PRIVATE SALE**
**OF PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS AND**
**ENCUMBRANCES PURSUANT TO 11 U.S.C. §363(b) and (f)**

**(287 NORTH MAIN STREET, EAST LONGMEADOW, MASSACHUSETTS)**

Now comes Steven Weiss, Trustee in the above Chapter 7 case, through his counsel, and hereby moves, pursuant to Bankruptcy Code §§363(b) and (f), and Bankruptcy Rule 6004(c) for authority to sell the estate's interest in real estate located at 287 North Main Street, East Longmeadow, Massachusetts, in a deed recorded in the Hampden County Registry of Deeds at Book 18814, Page 309, free and clear of all liens, claims, mortgages, security interests, charges, encumbrances, and other interests to Bruce Graham (the "Purchaser") or his nominee, for the sum of $85,000.00, plus a "buyer's premium", so-called, of $5,000 to be paid to the estate. In support thereof, the Trustee respectfully states as follows:

1. On October 25, 2016 Christopher Staples (the "Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code with this Court.

2. Steven Weiss was appointed as Trustee, and continues to serve as Trustee in this case.

3. The matters set forth herein constitute core proceedings, pursuant to 28 U.S.C. § 157(b)(2)(N).

4.   The Debtor owns his former residence at 287 North Main Street, East Longmeadow, Massachusetts (the "Property").   The Property is subject to a first mortgage lien (the "Senior Mortgage") currently held or serviced by Carrington Mortgage Services (the "Secured Creditor") in a principal amount exceeding $167,000.00.  There are no other liens of record.

5.   Pursuant to the Trustee's Motion to Employ BK Global Real Estate Services, LLC which was filed with this Court on December 7, 2016, and approved on January 18, 2017 the Trustee engaged BK Global Real Estate Services and B&B Real Estate to list the Property for sale and to negotiate a "short sale" for the estate under which the bankruptcy estate will receive a "carve out", so-called, from the sale proceeds.

6.   The Trustee has entered into an agreement (subject to approval by this Court), to sell the Property to the Purchaser for the sum of $85,000.00, plus a "buyer's premium" to be paid to the bankruptcy estate. The Purchaser has paid a deposit of $4,500.00, which is being held by the Trustee.  The agreement is not subject to a financing contingency.  A copy of the Purchase and Sale agreement (with addendum) is annexed hereto as Exhibit "A".

7.   It has been reported to the Trustee that the Secured Creditor has agreed to the sale, that it will waive any deficiency claim, and has agreed to the following deductions from the sale proceeds: real estate taxes; usual closing costs; insurance premiums incurred by the Trustee; and payment of the broker's commission of 6 percent of the sale price, $5,400.00 (which includes the payment to to BK Global).

8.   Thus, the Trustee believes that the sale may be authorized by this Court pursuant to 11 U.S.C. § 363(f)(2).

9.  On information and belief, the Purchaser has no connection with the Debtor and is not an insider of the Debtor, as that term is defined in 11 U.S.C. § 101(31).  The Trustee believes that the Purchaser is a good faith purchaser as that term is used in 11 U.S.C. §363(m).

10. The Trustee believes that a sale of the Property by private sale is in the best interest of the estate. The Trustee believes that the price being paid exceeds that which would be realized at any other disposition, such as a public auction. The Property has been listed for several months, starting at higher prices, and this is the best offer received.

11. As set forth in the notice of intended sale served contemporaneously herewith, the Trustee will solicit any offers for the Property in an amount of $89,000.00 or more, which are accompanied by a deposit of at least $4,500.00, on the same terms and conditions as the offer made by the Purchaser.

12. The Trustee further requests authority to make the following distributions from the sale: ordinary closing costs, insurance premiums incurred by the Trustee; the broker's commission of 6% of the sale price, real estate taxes and any related municipal charges on the Property.  Of the remaining proceeds, the buyer's premium of $5,000.00 will be retained by the estate, and the balance will be remitted to the secured creditor.

13. The Trustee states that the sale of the Property under these circumstances is at least in part for the benefit of any creditors holding secured claims against the Property, so that payment of the fees and expenses relating to the sale of the Property, including the broker's commission, is allowable from the proceeds of the sale, pursuant to 11 U.S.C. §506(c).

WHEREFORE, the Trustee respectfully prays:

1.      That this Court authorize the Trustee's motion for sale of the Debtor's Property to Bruce Graham or his nominee free and clear of all liens and encumbrances, including tax liens, pursuant to the provisions of this motion;

2.      That all encumbrances shall attach to the proceeds of the sale, to the extent that they are valid and perfected, in the same priority as they are entitled to under applicable law;

3.      That the Trustee be authorized to execute all documents necessary to complete the sale;

4.      That the Trustee be authorized to make payments from the sale proceeds as described above; and

5.      For such further relief as this Court deems just and proper.

Dated this 10th day of May, 2017.


STEVEN WEISS, TRUSTEE


By: /s/ Steven Weiss
    Steven Weiss, Esquire
    BBO# 545619
    Shatz, Schwartz and Fentin, P.C.
    1441 Main Street, Suite 1100
    Springfield, MA  01103
    (413) 737 1131
    sweiss@ssfpc.com


16\0343\Sale\Motion.sale.1601

 # PURCHASE AND SALE AGREEMENT

**1. PARTIES.** This agreement is made this 14th day of February, 2016 between Steven Weiss, Chapter 7 Trustee for Christopher Staples , Case NO. 16-30755 hereinafter called the SELLER, and Bruce Graham of 301 North main Street, east Longmeadow, MA 01028 hereinafter called the BUYER.

**2. DESCRIPTION.** Subject to the terms and conditions hereinafter set forth, the SELLER agrees to sell and the BUYER agrees to buy the following bounded and described premises: A Certain Single family residence located at what is known as 287 North Main Street, East Longmeadow, MA 01028 as more particularly described in a Deed dated 09/13/2011 and recorded in the Hampden County Registry of Deeds in Book 18912Page 226

**3. BUILDINGS, STRUCTURES, IMPROVEMENTS, FIXTURES.** Included in the sale as part of said premises are all buildings, structures, improvements and fixtures located in or on the premises belonging to the SELLER and used in connection therewith including, IF ANY, all Venetian blinds, curtain rods, window shades, wall to wall carpeting, screen doors, storm windows and doors, awnings, shutters, furnaces, heaters, oil and gas burners and fixtures appurtenant thereto, hot water tanks, plumbing fixtures, electrical and other lighting fixtures, TV antennas, rotors and controls, garage door openers and controls, mantels, fences, gates, trees, shrubs, plants, and, IF BUILT-IN, exhaust fans, garbage disposers, dishwashers, air conditioning equipment, kitchen ranges and ovens, and vacuum cleaners.
Items to be transferred to the BUYER in "as is" condition and not to be considered part of the sale are: **NONE**

<u>Not included</u> in the sale as part of the premises are the following items:
(if none, state "none") **NONE**

<u>Not included</u> in the sale as part of the premises are the following <u>rented</u> fixtures not belonging to the SELLER:
(if none, state "none") **NONE**

**4. TITLE.** Said premises are to be conveyed on or before **TO BE DETERMINED; 15 DAYS AFTER BANKRUPTCY COURT APPROVAL** by a good and sufficient Deed of the SELLER which shall be a Deed of equal character and covenants as held by the SELLER, conveyed a good, clear record and marketable title to the same free from all encumbrances, except:
a. Usual public utilities servicing the premises, if any;
b. Taxes for the current year not due and payable on the date of delivery of the Deed;
c. Any liens for municipal assessments and/or orders for which assessments may be made after the date of this CLOSING;
d .Restrictions and easements of record, if any, which do not materially affect the value or current use(SINGLE family) of the premises;
e. Provisions of existing building and zoning laws.

**5. ADDITIONAL DOCUMENTATION AT CLOSING.** The SELLER agrees to execute and deliver simultaneously with the delivery of the Deed such certifications as may responsibly be required by the BUYER'S attorney or the BUYER'S mortgage lender including, without limitation, the payment

of municipal leins, the absence of UFFI at the premises and the SELLER'S compliance with requirements imposed upon residential sellers with respect to UFFI by statute and applicable regulations, the underlying financial terms of the purchase and sale, the citizenship and residency of the SELLER, and the SELLER'S taxpayer identification number and forwarding address.

**6. CONSIDERATION.** For such Deed and conveyance the BUYER is to pay...
the sum of........................................................................................**PRICE   $ 90,000.00**
of which .........................................................................................   **DEPOSIT $4,500.00**
have been paid this day as a deposit and ...............................**BALANCE DUE   $ 85,500.00**
are to be paid in cash, or by certified or bank check, or attorney IOLTA check, upon delivery of the Deed.

**7. PERFORMANCE.** The Deed is to be delivered and the consideration paid at the Hampden COUNTY REGISTRY OF DEEDS SPRINGFIELD, MA on TO BE DETERMINED, 15 DAYS AFTER BANKRUPTCY COURT APPROVAL, 2017 at 2:00 PM unless some other place and time should be mutually agreed upon. To enable the SELLER to make conveyance as herein provided, the SELLER may, at the time of delivery of the Deed, use the purchase money or any portion thereof to clear the title and all encumbrances or interests.

**8. CASUALTY LOSS.** In case of any damage to the premises by fire or other casualty after signing and delivery of this Agreement by all parties hereto, and unless the premises shall have been restored to its former condition by the SELLER prior to the performance date, the BUYER may, at the BUYER'S option, either cancel this Agreement and recover all sums paid hereunder or require as part of this Agreement that the SELLER pay over or assign, on delivery of the Deed, all sums recovered or recoverable on any and all insurance covering such damage PLUS ANY DETUCTIBLE AMOUNT.

**9. POSSESSION.** Full possession of the premises, is to be delivered to the BUYER at the time of the delivery of the Deed, the said premises to be then in the same condition in which they now are, reasonable use and wear of the buildings thereon excepted. The BUYER shall have the right to inspect the premises for compliance with this paragraph prior to delivery of the Deed upon reasonable notice to the Broker.

**10. ADJUSTMENTS.** Fuel, water rates, sewer use and taxes shall be apportioned as of the day of delivery of the Deed. If the amount of said taxes is not known at the time of the delivery of the Deed, they shall be apportioned on the basis of the taxes assessed for the preceding year with a reapportionment as soon as the new tax rate and valuation can be ascertained, which latter provision shall survive the delivery of the Deed.

**11. DEPOSITS.** All deposits made hereunder shall be held by ~~Elite Title~~ *Steven Weiss, as Trustee*

**12. DEFAULT.** Should the Buyer default in Buyer's obligations under this agreement, then the Buyer's deposit(s) shall be retained by the Seller as liquidated damages and such retention of deposits shall be Seller's sole remedy either at law or in equity for the Buyer's default under this agreement

**13. MORTGAGE CONTINGENCY.** This is a cash Transaction

**15. TERMITE INSPECTION.**   This Agreement is subject to the right of the BUYER to obtain, at BUYER'S own expense, a termite or other wood destroying insect inspection and written report being

2

made by a licensed exterminator on or before the date hereinafter set forth **10 days after signing of
the purchase and sale.** If the inspection shows that there is no evidence of termite or other wood
destroying infestation in the existing construction or if infestations had existed, they have been
corrected, this Agreement shall be in full force. If the inspection shows there is evidence of termites or
other wood destroying infestations, and/or damages as a result of infestations, the BUYER shall
furnish the SELLER with a copy of the written reports stating the results of the inspection. If said
inspections reveal that there is infestation and that it should be treated or that any damage caused
thereby requires repair and the total cost of treatment and repair does not exceed $1,000.00, the
SELLER shall undertake such treatment and/or repair and the BUYER shall be bound to perform the
BUYER'S obligation under this Agreement. In the event that said cost shall exceed $1,000.00, the
SELLER, at SELLER'S option, may bear all expense in excess of $1,000.00 or may subject to the
BUYER'S election hereinafter stated, cancel this Agreement by notifying the SELLER in writing, in
which event this Agreement shall become null and void and all deposits made hereunder shall be
refunded to the BUYER. Notwithstanding the SELLER'S right to cancel, the BUYER may, upon prompt
written notice to the SELLER, agree to pay all amounts in excess of $1,000, in which case the
SELLER shall be bound to perform under this Agreement, paying the first $1,000.00 of the cost of
extermination and/or repair.

**16. LEAD PAINT LAW.** The BUYER acknowledges that under Massachusetts Law, whenever a
child under six (6) years of age resides in any premises in which paint, plaster or other accessible
material contains dangerous levels of lead, the owner of said premises must remove or cover said
material so as to make it inaccessible to children under six (6) years of age. The BUYER further
acknowledges that prior to the signing of this Agreement, the SELLER and the Broker have (a)
provided to the BUYER the standard notification form from the Massachusetts Department of
Public Health concerning lead paint and the BUYER signed the property transfer notification
certificate; (b) disclosed to the BUYER any information known to the SELLER or the Broker or any
of them about the presence of such materials containing dangerous levels of lead in the premises;
(c) informed the BUYER of the availability of inspections for dangerous levels of lead; and (d)
verbally informed the BUYER of the possible presence of dangerous levels of lead and the
provisions of the lead paint law and regulations.

**17. UNDERGROUND STORAGE TANKS.** The parties acknowledge that the Massachusetts
Board of Fire Prevention has issued regulations governing the maintenance, repair and removal of
underground storage tanks to prevent and detect leakage of tank contents into surrounding soil
and water supplies. The SELLER hereby discloses that there are not **(x)** underground storage
tank(s) at the premises.

**18. SUBSURFACE SEWAGE DISPOSAL SYSTEM INSPECTION CONTINGENCY.** Check here
( ), if applicable and attach Addendum A, which shall become part of this Agreement. N/A

**19. MISCELLANEOUS REPRESENTATIONS.**
    a. In the event that a private water source is servicing the premises, the SELLER represents
that the water source is providing adequate amounts of potable water for normal household use as
of the date hereof. N/A
    b. The SELLER represents that all mechanical components will be in operating condition at the
time of delivery of the Deed, unless otherwise stipulated in this Agreement.

**20. RIGHT TO INSPECT ACKNOWLEDGEMENT.** This Agreement is subject to the right of the
BUYER to obtain, at BUYER'S own expense, an inspection of the premises and written report to
include, but not limited to, the structural condition of the dwelling(s), pool(s) if any, other structures
if any, the condition of all systems in the dwelling(s) or on the premises, the existence and

3

condition of underground storage tanks if any, the presence of insect infestation, the presence of hazardous materials on the premises or the likelihood of release of hazardous materials on or from the premises, the presence of asbestos, urea-formaldehyde foam insulation, lead based paint and/or radon gas, the adequacy and suitability of the water supply and the condition and adequacy of the sewerage system, by the consultant(s) of the BUYER'S own choosing. The BUYER'S right of inspection shall expire on **10 days after signing of the purchase and sale** (recommended 10 days). The BUYER and the BUYER'S consultant(s) shall have the right of access to the premises at reasonable times upon twenty-four (24) hours advance notice to the Seller, for the purpose of inspecting, as aforesaid, the condition of said premises. If the BUYER is not satisfied with the results of such inspection(s), except as provided in paragraph 15, this Agreement may be terminated by the BUYER, at the BUYER'S election, without legal or equitable recourse to either party, the parties thereby releasing each other from all liability under this Agreement, and the deposit shall be returned to the BUYER, provided however, that the BUYER shall have notified the Seller, in writing, together with a copy of the written report(s) of the inspection(s) on or before the inspection expiration date hereinabove specified, of the BUYER'S intention to so terminate. If such notice and written report(s) are not received on or before the inspection expiration date hereinabove specified, the BUYER shall be bound to perform BUYER'S obligations under this Agreement.

BUYER ACKNOWLDEGES THAT; (A) PUBLIC INFORMATION WAS SUBJECT TO BUYER'S VERIFICATION; (B) EACH ITEM WAS SUBJECT TO DIRECT INQUIRY BY THE BUYER, AND THE BUYER HAS BEEN SO ADVISED; (C) THE seller MAKES NO REPRESENTATIONS REGARDING THE CONDITION OF THE PREMISES, STRUCTURE(S) THEREON OR THE MECHANICAL COMPONENTS THEREOF; AND (D) THE BUYER HAS NOT BEEN INFLUENCED TO ENTER INTO THIS AGREEMENT NOR HAS THE BUYER RELIED UPON ANY WARRANTIES OR REPRESENTATIONS NOT SET FORTH OR INCORPORATED IN THIS AGREEMENT OR PREVIOUSLY MADE IN WRITING, EXCEPT FOR THE FOLLOWING ADDITONAL WARRANTIES OR REPRESENTATIONS, IF ANY, MADE BY EITHER THE SELLER OR THE SELLER'S ATTORNEY.(S).
(If none, state "none," if any listed, indicate by whom the warranty or representation was made)
**NONE**

**21. BUYER'S RELEASE OF SELLER AND BROKER(S).** The BUYER hereby releases the Seller and the Broker from any and all liability of any nature relating to the condition of, or any defects in, the premises or any materials, substances or structures or improvements thereon, specifically including, without limitation, all matters set forth in paragraph 20 above, of which the SELLER or,Broker as the case may be, have no actual knowledge prior to the execution of this Agreement.

**22. MARKETING OF PROPERTY.** SELLER AGREES UPON FULLLY EXECUTED P&S, THE BROKER WILL HAVE NO FURTHER OBLIGATION TO MARKET THE PROPERTY

**23. CONSTRUCTION OF AGREEMENT.** This Agreement has been executed in one or more counterparts and each executed copy shall be deemed to be an original, is to be constructed under the laws of Massachusetts, is to take effect as a sealed instrument, sets forth the entire agreement between the parties, is binding upon and inures to the benefit of the parties hereto and their respective heirs, devisees, executors, administrators, successors and assigns and may be canceled, modified or amended only by a written instrument executed by the parties hereto or their legal representatives. If two or more persons named herein as SELLER or BUYER, their obligations hereunder shall be joint and several.

**24. NOTICE.** Any notice required to be given in this Agreement shall be in writing and shall be

4

deemed to be duly given when delivered to the party entitled to such notice at their address set forth herein.
B & B Real Estate, Cherry Street, Holyoke, MA 01040

**26. ADDITIONAL PROVISIONS.** Set forth below are additional provisions, if any, which are incorporated herein and made a part hereof:

Property is being sold in AS-IS condition and short sale contigent upon Lenders Approval

Purchase price includes Trustees fee of $5,000

**27. ADDENDUM(S) TO AGREEMENT.** Attached hereto is/are addendum(s) which is/are incorporated herein and made a part hereof: (If none, state "none")

Addendum A

| SELLER | Date | BUYER | Date |
|--------|------|-------|------|
|        | 4/5/2017 | Bruce Graham | 4-10-17 |

| SELLER | Date | BUYER | Date |
|--------|------|-------|------|
|        |      |       |      |

FOR INFORMATIONAL PURPOSES ONLY, the following Real Estate Broker(s) is/are assisting with this transaction:

Broker: B&B Real Estate                    Second Broker (if any

Page 5

## ADDENDUM

1.  EXTENSION TO CURE TITLE. If SELLER shall be unable to give title, or to make conveyance, or to deliver possession of the Premises as herein stipulated, the SELLER shall use reasonable efforts to remove any title defects, but need not expend more than $2,500. in order to remove such defects. In that event, the SELLER may extend the time of closing for up to thirty (30) days. If during any extension of the closing date, pursuant to this Agreement, the BUYER is denied a mortgage loan, or the BUYER'S mortgage loan interest rate increases, the BUYER may terminate this Agreement, all deposits paid shall be returned to BUYER, and this Agreement shall be deemed null and void.

2.  POSSESSION. ~~All items belonging to SELLER, including but not limited to SELLER'S personal possessions, building materials, debris and yard waste at the premises, paint, varnishes, paint thinners, cleaning agents and insecticides, shall be removed from the premises prior to closing.~~ The yard located at the property is to be maintained in its present condition and (if applicable) the SELLER will be responsible for snow and ice removal from the walkways and driveways located at the premises through the closing date. The BUYER shall have the right to inspect the premises for compliance with this paragraph prior to delivery of the Deed upon reasonable notice to the Broker.
    Buyer is Aware home will not be cleaned out

3.  PENDING ASSESSMENTS. SELLER has no actual knowledge of any pending assessment for the repair, maintenance or improvement or expansion of the water and/or sewer systems or for any other public improvement of any type that would give rise to an assessment on the property.

4.  WATER AND SEWER. SELLER has not received written notice from any governmental authority having jurisdiction over the property that the water supply or the sewer system is not sufficient to service the property without the need of special equipment, or that an assessment is pending or is about to be placed on the property for improvement or expansion of either or both systems or for any other public improvements.

5.  TITLE STANDARDS. Any matter or practice which as not been addressed in this agreement and which is the subject of a Title Standard or Practice Standard adopted by the Massachusetts Real Estate Bar Association (REBA) shall be governed by such Standards and Practices. See REBA Practice Standard No. 17 regarding Mortgage Discharges.

6.  ENCROACHMENTS. It is understood and agreed by the parties that the Premises shall not be in conformance with the title provisions of this Agreement unless (a) all buildings, structures and improvements, including but not limited to any driveways and garages and all means of access to the premises, shall be located completely within the boundary lines of said Premises and shall not encroach upon or under or above the property of any other person or entity; (b) no building, structure or improvement of any kind belonging to any other person or entity shall encroach upon or under or above said Premises and (c) the Premises shall abut or have access to a public way by way of recorded easement, duly laid out or accepted as such by the city or town in which the Premises are located.

7.      SELLER agrees to sign all documents reasonably and customarily required by BUYER's counsel, lender, and title insurer.

8.      SELLER warrants and represents to BUYER that, to the best of SELLER's knowledge, there have been no discharges of hazardous waste(s) on the premises.

9.      SELLER represents that, to the best of their knowledge, the premises do not contain wetlands within the jurisdiction of the city/town Conservation Commission. In the event there is an outstanding Order of Conditions on the premises, SELLER agrees to provide a Certificate of Compliance at closing. SELLER further represents and warrants they have never received a Letter of Responsibility ("LOR") from the MA DEP.

10.      If there is any discrepancy between this addendum and the Purchase and Sale Agreement and any other addenda then this addendum shall control.

## BANKRUPTCY CONTENGENCY

Buyer acknowledges that Seller's obligation to proceed with the conveyance of the Property is subject to his obtaining the approval from the United States Bankruptcy Court for the District of Massachusetts for the sale contemplated herein.  Such approval shall contain language finding the Buyer to be an Arm's Length purchaser, and the transaction to be made in good faith, and that the Buyer is entitled to the benefit of such designations as provided under the Bankruptcy Code, and shall authorize the Seller to execute any and all closing and post-closing documents.  Buyer acknowledges that the Seller is required to solicit higher counteroffers for the Property in conjunction with the motion for approval of the sale, pursuant to Massachusetts Local Bankruptcy Rule 6004-1.  If Buyer is not approved as a purchaser by the Bankruptcy Court on or before June 15, 2017, Buyer's Deposit will be refunded at Buyer's request.  If Buyer is approved as the purchaser of the Asset, but fails to complete this sale, the Deposit will be forfeited.

16\0343\Sale\Bankruptcy.contingency.1601



# Trustee Transaction Overview

## Property Address:
### 287 North Main Street, East Longmeadow, MA 01028

### Seller Name (Trustee Name):
### Trustee Steven Weiss, BK Trustee for the Estate of Christopher Staples

| | |
|---|---|
| **CASE NUMBER:** | 16-30755 |
| **LIST PRICE:** | $86,500.00 |
| **OFFER PRICE:** | $90,000.00 |
| **PROPOSED BANKRUPTCY ESTATE FEE:** | $5,000.00 to $5,000.00 |
| (3%) to (5%) | |

Bankruptcy Estate Fees are determined by Banks/Servicers/Investor guidelines based on a case by case situation and the range of 3% & 5% of sales price meets most guidelines. We typically ask for 5% and negotiate where necessary.

Trustee Signature _____          Date _____

May 06 17 01:48p        B&B Real Estate                     



59 Cherry Street, Holyoke, MA 01040

Phone: 413-535-1001
Fax: 413-535-5009

## Amendment To Real Estate Purchase Contract

Reference was made to the Purchase and Sale Agreement for the property located at 287 North Main Street, East Longmeadow, MA Dated:

It is agreed by both parties to the following terms:

Sales price: $85,000
Buyers premium: $5,000
Buyer to pay recording fee for releases of $79.50
Buyer to pay recording fee for Trustee cert of $79.50

This agreement is made this 5th day of May, 2017

X       _Bruce Graham_____        _5-8-17_
        **Buyer**                                    **Date**

        _____        _5/8/17_
        **Seller**                                   **Date**

        _____  _5/8/17_

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

---

**CHRISTOPHER A. STAPLES,**
Debtor

**Chapter 7**
**Case No. 16-30755-EDK**

---

## NOTICE OF INTENDED PRIVATE SALE OF PROPERTY OF THE ESTATE SOLICITATION OF COUNTEROFFERS DEADLINE FOR SUBMITTING OBJECTIONS AND HIGHER OFFERS AND HEARING DATE

## (287 NORTH MAIN STREET, EAST LONGMEADOW, MASSACHUSETTS)

**July 14, 2017**                    IS THE TENTATIVE DATE OF THE PROPOSED

SALE

**June ___, 2017 at 4:30 p.m.**        IS THE DATE BY WHICH OBJECTIONS AND

HIGHER OFFERS MUST BE MADE

To the office of the United States Trustee, creditors, and parties in interest:

NOTICE IS HEREBY GIVEN, pursuant to Fed. R. Bankr. R. 2002, 6004(c) and 9014, and MLBR 2002-5 and 6004-1, that Steven Weiss, the duly appointed Trustee in this case, intends to sell at private sale all of the estate's right, title and interest in certain property of the estate.

**PROPERTY TO BE SOLD:**

The property is the estate's interest in a single family home with an address of 287 North Main Street, East Longmeadow Massachusetts (referred to herein as the "Property"), as

described in a deed recorded in the Hampden County Registry of Deeds at Book 18814, Page 309.

**THE OFFER:**

1.    The Trustee has received an offer to purchase the Property for the sum of **Eighty Five Thousand and 00/100 ($85,000.00), plus a "buyer's premium, as described in more detail in the Motion.**  The Purchaser has delivered a deposit of $4,500.00 ("Deposit") to the Trustee.  There is no financial relationship between the Debtor and the Purchaser.

2.    The sale is <u>not</u> subject to a financing or title insurance contingency.

**THE PROPOSED BUYER:**

Bruce Graham (the "Purchaser") or his nominee.  The Purchaser is not an insider of the Debtor or the estate as that term is defined in 11 U.S.C. § 101 (31).

**THE SALE DATE:**

The sale shall take place on or before the earlier of July 14, 2017 or 15 days after the approval of the sale by the Court (although the Trustee reserves the right to extend the closing date).  The terms of the proposed sale are more particularly described in a Motion for Order Authorizing and Approving Private Sale of Property of the Estate (the "Motion to Approve Sale") filed with the Court on May __, 2017.  The Motion to Approve Sale and the Purchase and Sale agreement are available upon request from the undersigned.

**SALE FREE AND CLEAR OF LIENS:**

The Property will be sold free and clear of all liens and encumbrances.  Any perfected, enforceable valid liens shall attach to the proceeds of the sale according to priorities established under applicable law.

**COUNTEROFFERS OR OBJECTIONS:**

3

Any objections to the sale and/or higher offers must be filed in writing with the Clerk, United States Bankruptcy Court at 300 State Street, Springfield, Massachusetts 01105 on or before _____, 2017 at 4:30 p.m. (the "Objection Deadline"). A copy of any objection or higher offer also shall be served upon the undersigned. Any objection to the sale must state with particularity the grounds for the objection and why the intended sale should not be authorized. Any objection to the sale shall be governed by Fed. R. Bankr. P. 9014.

**Through this Notice, higher offers for the Property are hereby solicited. Any higher offer must be in an amount no less than $89,000.00 and must be accompanied by a cash deposit of no less than $4,500.00 in the form of a certified or bank check made payable and delivered to the undersigned. Higher offers must be on the same terms and conditions in the Motion to Approve Sale, other than the purchase price. Any party submitting a higher offer may also be required to provide the Trustee with evidence of the bidder's ability to complete the purchase.**

Any offer not timely received, or not complying with these conditions, may not be considered as a valid counteroffer.

**HEARING:**

A hearing on the Motion to Approve Sale, objections or higher offers is scheduled to take place on **June __, 2017 at 11:00 a.m.**, before the Honorable Elizabeth D. Katz, United States Bankruptcy Judge, at United States Bankruptcy Court, 300 State Street, Springfield, Massachusetts. Any party who has filed an objection or higher offer is expected to be present at the hearing, failing which the objection will be overruled or the higher offer stricken.

4

The Court may take evidence at the sale hearing to resolve issues of fact. If no objection to the Motion to Approve Sale or higher offer is timely filed, the Bankruptcy Court, in its discretion, may cancel the scheduled hearing and approve the sale without hearing.

At the hearing on the sale the Court may, 1) consider any requests to strike a higher offer, 2) determine further terms and conditions of the sale, 3) determine the requirements for further competitive bidding, 4) require one or more rounds of sealed or open bids from the original offeror and any other qualifying offeror.

**DEPOSIT:**

The Deposit will be forfeited to the estate if the successful purchaser fails to complete the sale by the date ordered by the Court. If the sale is not completed by the buyer approved by the Court, the Court, without further hearing, may approve the sale of the Assets to the next highest bidder.

Any questions concerning the intended sale shall be addressed to the undersigned.

Dated: _____, 2017

STEVEN WEISS, TRUSTEE

By: /s/ *Steven Weiss*
Steven Weiss, Esquire
BBO# 545619
Shatz, Schwartz and Fentin, P.C.
1441 Main Street, Suite 1100
Springfield, MA 01103
(413) 737-1131
sweiss@ssfpc.com

16\0343\Sale\Notice.Sale.1601

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

|  |  |
|---|---|
| **CHRISTOPHER A. STAPLES,**<br>**Debtor** | **Chapter 7**<br>**Case No. 16-30755-EDK** |

**ORDER ON**

**TRUSTEE'S MOTION FOR ORDER APPROVING PRIVATE**
**SALE OF PROPERTY OF THE ESTATE**

**(287 NORTH MAIN STREET, EAST LONGMEADOW, MASSACHUSETTS)**

This matter having come before the Court upon the motion and notice of Trustee's intent to sell property of the estate, free and clear of liens and encumbrances ("Motion"), specifically to sell the estate's right, title and interest in real estate located at 287 North Main Street, East Longmeadow, Massachusetts, in a deed recorded in the Hampden County Registry of Deeds at Book 18814, Page 309 (the "Property"), free and clear of all liens, claims, mortgages, security interests, charges, encumbrances, and other interests, to Bruce Graham (the "Purchaser") or his nominee; and the Court finding that notice has been properly given to parties in interest; and; and no objections or higher bids having been timely made; and the Court finding that the sale, on the terms described in the Motion is appropriate; and the Court finding that the purchaser is a good faith purchaser, as that term is used in §363(m) of the Bankruptcy Code, and entitled to the protections provided such sections:

The Court finds that the Motion constitutes a core proceeding, pursuant to 28 U.S.C. §157(b)(2)(N), and that it has jurisdiction over this matter pursuant to 28 U.S.C. §1334. The Court further finds that the sale is authorized under 11 U.S.C. §363(b) and (f)(2).

IT IS ORDERED that the Trustee's Motion shall be and hereby is allowed, and the Trustee is

hereby authorized to sell the estate's interest in the Property to the Purchaser, or his nominee, for the sum of $85,000.00, plus a "buyer's premium, so-called, to be paid to the bankruptcy estate   The Property is being sold without recourse, and "as is, where is".

IT IS FURTHER ORDERED that such sale shall be free and clear of all liens and encumbrances, with valid liens to attach to the proceeds in their order of priority. If the Purchaser does not complete the sale, the deposit of $4,500.00 may be forfeited.

IT IS FURTHER ORDERED that the Trustee is authorized to make the following distributions from the proceeds of the sale: ordinary closing costs, real estate taxes, insurance premiums incurred by the Trustee, and any related maintenance and municipal charges on the Property, the amount of $5,400.00, from which the Trustee shall pay $2,700.00 each to B & B Real Estate and  to BK Global Real Estate Services, LLC.  The buyer's premium of $5,000.00 will be retained by the Trustee for the estate, from which the Trustee's administrative expenses will be paid. The remaining proceeds will be paid to Carrington Mortgage Services or its nominee on its secured claim. The proceeds held by the Trustee will be held subject to any other existing liens and encumbrances, if any, to the extent of their amount, perfection and priority, pending further order of the Court; provided, however, that to the extent it is determined that any party has a perfected lien upon the Property, the fees and expenses incurred by the Trustee in connection with the sale of the Property, constitute reasonable and necessary expenses of preserving and disposing of the Property, and may be recovered from the proceeds of the sale, pursuant to 11 U.S.C. §506(c).

Dated this _____ day of _____, 2017.

_____
ELIZABETH D. KATZ
Bankruptcy Judge

16\0343\Sale\Order.Sale.1601