UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER A. STAPLES,**<br>Debtor | **Chapter 7**<br>**Case No. 16-30755-EDK** |

## ORDER ON

## TRUSTEE'S MOTION FOR ORDER APPROVING PRIVATE SALE OF PROPERTY OF THE ESTATE

## (287 NORTH MAIN STREET, EAST LONGMEADOW, MASSACHUSETTS)

This matter having come before the Court upon the motion and notice of Trustee's intent to sell property of the estate, free and clear of liens and encumbrances ("Motion"), specifically to sell the estate's right, title and interest in real estate located at 287 North Main Street, East Longmeadow, Massachusetts, in a deed recorded in the Hampden County Registry of Deeds at Book 18814, Page 309 (the "Property"), free and clear of all liens, claims, mortgages, security interests, charges, encumbrances, and other interests, to Bruce Graham (the "Purchaser") or his nominee; and the Court finding that notice has been properly given to parties in interest; and; and no objections or higher bids having been timely made; and the Court finding that the sale, on the terms described in the Motion is appropriate; and the Court finding that the purchaser is a good faith purchaser, as that term is used in §363(m) of the Bankruptcy Code, and entitled to the protections provided such sections:

The Court finds that the Motion constitutes a core proceeding, pursuant to 28 U.S.C. §157(b)(2)(N), and that it has jurisdiction over this matter pursuant to 28 U.S.C. §1334. The Court further finds that the sale is authorized under 11 U.S.C. §363(b) and (f)(2).

IT IS ORDERED that the Trustee's Motion shall be and hereby is allowed, and the Trustee is

hereby authorized to sell the estate's interest in the Property to the Purchaser, or his nominee, for the sum of $85,000.00, plus a "buyer's premium, so-called, to be paid to the bankruptcy estate The Property is being sold without recourse, and "as is, where is".

IT IS FURTHER ORDERED that such sale shall be free and clear of all liens and encumbrances, with valid liens to attach to the proceeds in their order of priority. If the Purchaser does not complete the sale, the deposit of $4,500.00 may be forfeited.

IT IS FURTHER ORDERED that the Trustee is authorized to make the following distributions from the proceeds of the sale: ordinary closing costs, real estate taxes, insurance premiums incurred by the Trustee, and any related maintenance and municipal charges on the Property, the amount of $5,400.00, from which the Trustee shall pay $2,700.00 each to B & B Real Estate and to BK Global Real Estate Services, LLC. The buyer's premium of $5,000.00 will be retained by the Trustee for the estate, from which the Trustee's administrative expenses will be paid. The remaining proceeds will be paid to Carrington Mortgage Services or its nominee on its secured claim. The proceeds held by the Trustee will be held subject to any other existing liens and encumbrances, if any, to the extent of their amount, perfection and priority, pending further order of the Court; provided, however, that to the extent it is determined that any party has a perfected lien upon the Property, the fees and expenses incurred by the Trustee in connection with the sale of the Property, constitute reasonable and necessary expenses of preserving and disposing of the Property, and may be recovered from the proceeds of the sale, pursuant to 11 U.S.C. §506(c).

Dated this _____ day of _____, 2017.

The hearing on June 28, 2017 is canceled.

_____ 06/22/2017
ELIZABETH D. KATZ
Bankruptcy Judge

16\0343\Sale\Order.Sale.1601